NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No. 12-131 (SRC)** |
| v. | : | |
| | : | |
| MICHAEL CALABRETTA | : | **OPINION** |
| | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed by Defendant Michael Calabretta ("Defendant") for a reduction in his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The United States of America (the "Government") has opposed the motion. The Court has considered the papers submitted and, for the following reasons, will deny the motion.

### I.   BACKGROUND

On March 15, 2013, Defendant pleaded guilty to a two-count superseding information which charged him with conspiracy to distribute and possession with the intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 and conspiracy to launder proceeds of drug trafficking in violation of 18 U.S.C. § 1956(h). On September 24, 2014, the Court sentenced Defendant to a term of 120 months imprisonment and 5 years of supervised release on each of the two counts, to run concurrently. Subsequently, an amended sentence was entered on October 20, 2016 for a term of 100 months and five years of supervised release. Since December 16, 2020, Defendant has been in the custody of Residential Re-Entry Management Long Beach through its agent Vinewood Residential Re-Entry Center ("Vinewood RRC"). He is set to be released on January 22, 2022.

Defendant's motion revolves around his efforts to obtain employment while at Vinewood RRC.  According to Defendant, since his arrival at Vinewood RRC, he has made "consistent and diligent efforts to become employed in his chosen occupation" which resulted in an offer of employment from based Greenerways, LLC ("Greenerways") as a "logistics operator."  (Def. Mot. at 3.)  On or about January 6, 2021, an employment specialist at Vinewood RRC verified the position and contacted the United States Probation Office ("USPO") and Bureau of Prisons ("BOP") for approval.  (Id.)  On April 1, 2021, Defendant, through counsel, wrote a letter to BOP seeking additional information regarding the status of the employment request.  (Def. Ex. C.)  According to Defendant, BOP did not respond to the letter.  (Def. Mot. at 3.)

The Government offers additional detail regarding Defendant's efforts to obtain employment.  According to the Government, BOP denied Defendant's request to work with Greenerways on or about May 25, 2021 on the grounds that it determined that Greenways or its employees were related to or otherwise involved in the conduct underlying Defendant's current term of imprisonment.  (Gov. Ex. A.)  Furthermore, the Government offers evidence demonstrating that, on or about June 7, 2021, Defendant sought BOP's permission to work for another employer, Choice Essential Oils LLC ("Choice Essential Oils").  (Gov. Ex. B.)  This request too was denied when BOP was unable to verify the company's existence and instead identified a "strong indicator" that the organization was associated with Greenerways.  (Id.)

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed" unless one of the enumerated statutory exceptions applies. 18 U.S.C. § 3582(c); see also Dillon v. United States, 560 U.S. 817, 825 (2010) (holding that a district court may modify

a sentence of imprisonment only in "limited circumstances").  The First Step Act of 2018 provides that a motion for such relief may be brought by either the Director of BOP or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

Assuming that Defendant has met the exhaustion requirement, the Court may grant the requested relief if it finds that he has met the standards set forth in Section 3582(c)(1)(A)(i). Pursuant to this provision, a court may reduce a defendant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).   The Sentencing Commission has issued guidance describing the contours of what constitutes "extraordinary and compelling reasons" in the context of a Section 3582(c)(1)(A)(i) motion brought by BOP.  See U.S.S.G. § 1B1.13.  The Court may consider—but is not bound by—this guidance where, as here, the motion is initiated by a defendant.  U.S. v. Andrews, No. 20-2768, 2021 WL 3852617, at *1 (3d Cir. Aug. 30, 2021).

III.  DISCUSSION

The gravamen of Defendant's complaint is that BOP's purported violation of "his constitutional right to work in his chosen occupation" constitutes "extraordinary and compelling" circumstances that merit an immediate transfer to supervised release. (Def. Mot. at 1.)  According

to Defendant, BOP committed this violation by failing to approve his request for employment with Greenerways.  Assuming for purposes of argument that Defendant has met the statute's exhaustion requirement,[1] his circumstances fail woefully to meet the "compelling and extraordinary" standard necessary for relief.

As the Third Circuit has recognized, "[t]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and the 'property' concepts of the Fifth and Fourteenth Amendments." Piecknick v. Comm. of Pa., 36 F.3d 1250, 1259 (3d. Cir. 1994) (citing Greene v. McElroy, 360 U.S. 474, 492, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). This is a qualified right, and "[s]tate actions that exclude a person from one particular job are not actionable in suits ... brought directly under the due process clause." Id. ("It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment."). Indeed, Defendant concedes that BOP or USPO have the "full authority" to disallow his request for employment with Greenerways. (Def. Mot. at 8.) To skirt the necessary implications of this concession, Defendant argues that BOP effectively "forbid him from working [at Greenerways] without providing a rational [sic]" for doing so when it failed to respond to his employment application and subsequent April 1, 2021 letter. (Def. Mot. at 8.)

---

[1] While the Court need not determine whether Defendant has exhausted his administrative remedies, it will register its substantial doubt that Defendant has done so.  Defendant's argument that there are no "available" remedies for the relief that he seeks is plainly untrue:  Nothing in the record suggests that he has requested that BOP bring a motion for a reduction of his sentence on his behalf—the exact relief which he seeks from the Court—let alone that he exhausted any administrative rights to appeal such a failure.

The record before the Court indicates that, contrary to Defendant's contention, BOP made a reasoned determination denying Defendant's request for employment with Greenerways. According to the Government's exhibits, BOP denied Defendant's request on the ground that Greenerways and its employees were in some manner involved in the conduct underlying Defendant's current term of incarceration. (Gov. Ex. A.) BOP appears to have communicated this decision to Vinewood RRC on or around May 25, 2011. (Id.) Furthermore, Defense Exhibit E, which includes, among other things, a letter of personal support from Jayme Neiburg, the owner of Greenerways, acknowledges a "connection" between Greenerways and the facts underlying Defendant's conviction. (Def. Ex. E.) Not only does this serve to validate BOP's rationale for denying Defendant employment with Greenerways, but it gives rise to the inference that Defendant and individuals at Greenerways were aware of BOP's denial and the reason for it. Defendant contends that, notwithstanding this inference, the available evidence does not demonstrate that BOP's denial was communicated to Defendant.

Assuming, arguendo, that Defendant was unaware of BOP's decision, his situation remains a far cry from those which meet the standard for the relief Defendant seeks. While Congress did not define the "extraordinary and compelling circumstances" required for relief under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant does not meet this exacting standard. Certainly, none of the circumstances described in the Sentencing Commission's policy statement—including illness, advanced age, immutable family circumstances, and "other reasons determined by the BOP"—are applicable here. Nor do these facts establish a violation of Defendant's constitutional rights. "It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." Piecknick, 36 F.3d at 1259 (emphasis added). Defendant fails to

provide any facts demonstrating that BOP's actions or silence impeded his pursuit of a particular vocation. To the contrary, the record indicates that Defendant ultimately sought other employment despite the BOP's purported silence regarding his pending application for employment with Greenerways. (See Gov. Opp. at 5 ("On or about June 7, 2021, the Defendant requested permission to work for 'Choice Essential Oils LLC.'").)[2] Accordingly, Defendant has failed to establish that BOP's actions amounted to unreasonable governmental interference which prohibited his ability to "follow a chosen profession." Piecknick, 36 F.3d at 1259.

At a most fundamental level, however, the circumstances that Defendant describes are neither "extraordinary" or "compelling" under the plain meaning of these terms. The Court is unable to conclude, on the record before it, that BOP's communication of its decision to Vinewood RRC constitutes circumstances "[b]eyond what is usual, customary, regular, or common." Extraordinary, Black's Law Dictionary (10th ed. 2014). Equally important, BOP's actions— including any purported silence in the face of Defendant's application—did not prohibit Defendant from seeking employment elsewhere or preclude his pursuit of a particular calling. Defendant's circumstances fall far short of those which could give rise to an "irreparable harm" or "injustice." Compelling Need, Black's Law Dictionary (10th ed. 2014) ("A need so great that irreparable harm or injustice would result if it is not met.").[3]

---

[2] Defendant appears to concede that he sought other employment at some point after his initial application when he asserts that he "liv[ed] for five months without the opportunity to earn a living." (Reply at 2.) This timeline is consistent with the Government's description of the June 7, 2017 denial of Defendant's application to Choice Essential Oils, which occurred roughly five months after Defendant initially petitioned BOP regarding a position with Greenerways.

[3] In addition to his constitutional arguments, Defendant contends that he is entitled to relief because the denial of his request for employment is not consistent with the requirements of 18 U.S.C. § 3583(d)(2), and "[a]ssociation, or . . . employment with, [sic] felons may not be summarily denied based on their criminal background." (Def. Reply at 2–3.) A challenge to the arbitrary or unfair application of a condition of

Lastly, granting Defendant's request for a sentence reduction would be inconsistent with the sentencing factors outlined under Section 3553(a). He was involved in the large-scale distribution of controlled substances and laundering the substantial proceeds of the same. Defendant's crimes were serious, and such criminal activity has significant negative impacts on the community. Defendant, who prior to the instant offense had already been convicted of five felony offenses, has a demonstrated history of disregarding the law and a willingness to commit serious criminal violations. The interest in deterring him and others from committing crimes of this nature would not be served by relieving him of his sentence, which was already well under the Guidelines range of 188 to 235 months.

## IV.    CONCLUSION

For the reasons discussed, Defendant's motion for a reduction in sentence will be denied. An appropriate Order will issue.

/s/ Stanley R. Chesler
HON. STANLEY R. CHESLER
United States District Judge

Dated:  October 13, 2021

---

release is appropriately brought under 18 U.S.C. § 3583(e), United States v. Roberts, 229 F. App'x 172, 178 (3d Cir. 2007), and, in any event, such an argument does not alter the Court's conclusion that a reduction in Defendant's sentence is unwarranted.